IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOE LOUIS SIMPKINS, II,** )
)
        Petitioner, )
)
v. ) Civil No. **05-795-MJR**
)
**RANDY DAVIS,** )
)
        Respondent. )

**REPORT and RECOMMENDATION**

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Joe Louis Simpkins, II, is an inmate in the custody of the Bureau of Prisons. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Respondent has filed a response. **(Doc. 13)**. Simpkins filed a reply. **(Doc. 17).**

Petitioner was convicted in the Western District of Missouri of conspiracy to distribute cocaine and cocaine base, possession with intent to distribute cocaine base, and use of a firearm during, or in relation to, a drug trafficking offense. On June 12, 1991, he was sentenced to 360 months imprisonment and five years supervised release. His conviction and sentence were affirmed on January 9, 1992. ***U.S. v. Simpkins*, 953 F.2d 443 (8th Cir. 1992)**.

Simpkins filed a motion under 28 U.S.C. §2255 in the Western District of Missouri on July 1, 1997. He was successful on only one point, that is, that his conviction for use of a firearm during a drug offense was invalid under ***Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501 (1995)**. This was a hollow victory, as his five year sentence on that count was vacated, but his 360 month sentence was unchanged. All of his other claims were dismissed as untimely.

1

Simpkins appealed, but his appeal was dismissed as untimely as well. The mandate of the Eighth Circuit issued on April 2, 2004. **Doc. 13, Ex. C**.

Simpkins filed a petition under 28 U.S.C. §2241 in this court on November 2, 2005. He presents the following grounds for habeas relief:

1. The sentencing court should adjust his sentence to give him credit for pretrial time which he spent in state custody.

2. The government failed to prove that the drugs were cocaine base, and he should have been sentenced under 21 U.S.C. §841(b)(1)(C) instead of §841(b)(1)(A).

3. The Western District abused its discretion in denying his motion for extension of time to file a notice of appeal regarding his section 2255 case.

4. His fine should be waived or stayed at least until he is transferred from USP-Marion.

5. His presentence investigation report is incorrect in that it states that he had a prior conviction for escape.

6. The Western District erred in dismissing with prejudice five claims in his amended Section 2255 petition as time-barred.

7. The claims that were dismissed as time-barred from the amended Section 2255 petition should be considered by this court.

## **Analysis**

28 U.S.C. §2255 is the "federal prisoner's habeas corpus substitute." ***In re Davenport*, 147 F.3d 605, 607 (7th Cir. 1998)**. The Antiterrorism and Effective Death Penalty Act of 1996 amended Section 2255 to provide that a prisoner may file only one petition under section 2255 without obtaining leave to file a successive petition. This limitation on successive petitions applies to petitions filed after the effective date of the AEDPA, April 24, 1996. ***Alexander v. U.S.*, 121 F.3d 312, 314 (7th Cir. 1997).**

Simpkins' first section 2255 petition was filed on July 1, 1997. **See, Doc. 13, Ex. C.** The limitation on successive petitions therefore applies to him. He cannot file a second or successive

2

2255 petition unless he obtains leave from the Eighth Circuit Court of Appeals, which he has not done.

Petitioner cannot evade the ban on successive section 2255 petitions simply by bringing his petition under section 2241 instead. Section 2255 provides that an application for a writ of habeas corpus "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Thus, Simpkins can proceed under section 2241 only if he fits into the narrow "inadequate or ineffective" exception.

The Seventh Circuit has held that the remedy under section 2255 is inadequate "when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." **Davenport**, **147 F.3d at 611.**

Two requirements must be met in order to demonstrate that the section 2255 remedy is inadequate. First, the petitioner must show that "the legal theory he advances relies on a change in law that both postdates his first § 2255 motion" and does not fit within the successive motion provision of section 2255; secondly, he must show that "his theory supports a non-frivolous claim of actual innocence." **Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).**

It is patently obvious that this court cannot consider grounds 2, 3, 5, 6, or 7 of Simpkins' habeas petition. All of these claims could have and should have been brought in the section 2255 motion. The section 2255 remedy was not inadequate or ineffective as to him. It is true that the sentencing court dismissed all but one of his 2255 claims because he filed his petition too late, and his appeal was dismissed because it was filed too late as well, but that does not

render the remedy inadequate. "A prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate...." **Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007)**(emphasis in original). Likewise, a claim that the sentencing court erred in ruling on his 2255 motion does not render the section 2255 remedy inadequate. **Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002)**.

The first claim, that he should be given credit for pretrial time spent in state custody, requires some discussion. It is true that a prisoner can sometimes challenge the BOP's calculation of his sentence in a section 2241 petition. **See, Romandine v. U.S. 206 F.3d 731, 736 (7th Cir. 2000)**. Here, however, Simpkins is not challenging the BOP's calculations. Rather, he seeks a change in the sentence that was imposed by the court.

According to his section 2241 petition, Simpkins spent 188 days in pretrial detention which cannot be credited by the BOP towards his federal sentence because that time was credited to his sentence on a state court conviction. (In his reply, he claims to be entitled to more than 188 days.) The BOP is unable to grant him the credit he seeks because 18 U.S.C. §3585(b) states that credit on a federal sentence can only be given for pretrial detention time "that has not been credited against another sentence." **See, U.S. v. Ross, 219 F.3d 592, 594 (7th Cir. 2000)**. Simpkins concedes that the BOP is correct in its application of 18 U.S.C. §3585(b). **Doc. 17, pp. 6-7**. His point is that the sentencing court erred in failing to adjust his sentence to account for the time that was credited to his state sentence, in accordance with U.S.S.G. §5G1.3(b). **Doc. 17, pp. 7-8.** The relief that he seeks is to have the sentencing court resentence him to a shorter term of imprisonment.

The court notes that Respondent asserted failure to exhaust administrative remedies as to this claim. Petitioner has now exhausted his administrative remedies, as is shown by the exhibits

4

attached to his reply, **Doc. 17.**

Simpkins' sentencing claim cannot be considered here because it is not properly brought in a section 2241 petition. He is asserting that the sentencing court erred in the length of the sentence that it imposed, not that the BOP erred in its calculation of the time to be served. This claim should have been brought on direct appeal, as was done in **Ross**, *supra*, or in a section 2255 motion. **See,** *Carnine v. U.S.*, **974 F.2d 924, 927 (7th Cir., 1992)**(where alleged error occurred at or prior to sentencing, the remedy is under section 2255, not section 2241).

Lastly, in ground four, petitioner asks that his fine be suspended until he is transferred from USP-Marion as he was not employed at that institution. That is not a valid grounds for habeas relief, and, in any event, Simpkins has been transferred from USP-Marion, so the point is moot. **See, Docs. 16 & 18**.

## Recommendation

This Court recommends that Joe Louis Simpkins, II's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **January 7, 2008.**

**Submitted: December 13, 2007.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**